FILED

**NOT FOR PUBLICATION**

NOV 23 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-50373 |
| Plaintiff - Appellee, | D.C. No. 2:08-cr-00506-GW-1 |
| v. | |
| MASOUD BAMDAD, | MEMORANDUM[*] |
| Defendant - Appellant. | |

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-50396 |
| Plaintiff - Appellee, | D.C. No. 2:08-cr-00506-GW-1 |
| v. | |
| MASOUD BAMDAD, | |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
George H. Wu, District Judge, Presiding

Argued and Submitted November 15, 2011
Pasadena, California

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Before: GOODWIN, W. FLETCHER, and RAWLINSON, Circuit Judges.

Masoud Bamdad, M.D., appeals his conviction and sentence for illegally prescribing oxycodone in violation of 21 U.S.C. §§ 841 and 853.

The jury convicted Bamdad on ten counts of illegally prescribing oxycodone and three counts of illegally prescribing oxycodone to persons under twenty-one years old. The jury hung on four other counts, including count 19—alleging illegal distribution resulting in death. The jury also convicted Bamdad on one count of criminal forfeiture of his medical office building. The district court sentenced Bamdad to 300 months (25 years) in custody and a $1 million fine, in addition to the forfeiture of his interest in the medical building.

First, Bamdad claims that the evidence presented at trial was insufficient to support his convictions. Second, Bamdad argues that the district court's decision not to give a cautionary instruction regarding playback of the government's undercover tapes during jury deliberation was reversible error. Third, Bamdad asserts that some of the government's evidence regarding count 19, the "death count", resulted in retroactive misjoinder due to prejudicial spillover. Fourth, Bamdad assigns error to the denial of his motion to suppress based on an alleged defective search warrant. Finally, Bamdad challenges his sentence as an erroneous application of the Guidelines

and as substantively unreasonable. We have jurisdiction under 28 U.S.C. § 1291. For the following reasons, we affirm.

The sufficiency of the evidence argument fails because the government introduced more than ample evidence to support the convictions. Viewed in the light most favorable to the prosecution, the evidence—including oxycodone prescriptions signed by Bamdad, undercover tapes, expert and percipient witness testimony, and documents seized in a search of Bamdad's medical office—supports the conclusion that Bamdad prescribed oxycodone outside the usual course of professional practice and without a legitimate medical purpose. *See United States v. Feingold*, 454 F.3d 1001, 1008 (9th Cir. 2006).

Before playback of undercover video tapes during jury deliberations, a trial court should caution the jury that it should not give such evidence undue emphasis. *United States v. Richard*, 504 F.3d 1109, 1113 (9th Cir. 2007). Both parties requested a cautionary instruction for the jury to weigh all the evidence and not to focus on any particular portion of the trial, but the court failed to give that instruction. The failure was not the best practice, in light of our precedent. *See United States v. Stinson*, 647 F.3d 1196, 1217-18 (9th Cir. 2011); *United States v. Newhoff*, 627 F.3d 1163, 1167-68 (9th Cir. 2010) (summarizing previous cases). None of our cases, however, hold that refusal to give a cautionary instruction in these circumstances is *per se* reversible

3

error.  *See Richard*, 504 F.3d at 1114; *Newhoff*, 627 F.3d at 1168; *United States v. Barker*, 988 F.2d 77, 79-80 (9th Cir. 1993).  Therefore, in light of the district court's stated reasons for not giving the instruction and the abundant evidence supporting conviction, the district court's omitted instruction amounts to harmless error.  *See Stinson*, 647 F.3d at 1217-18.

Bamdad's argument for a new trial based on the doctrine of retroactive misjoinder is unavailing.  Retroactive misjoinder "arises where joinder of multiple counts was proper initially, but later developments—such as a district court's dismissal of some counts for lack of evidence or an appellate court's reversal of less than all convictions—render the initial joinder improper." *United States v. Lazarenko*, 564 F.3d 1026, 1043 (9th Cir. 2009) (internal citation omitted).  The district court did not err in finding that the counts were properly joined because the offenses were of similar character—namely, acting in a criminal manner outside the usual course of a medical practice.  *See, e.g., United States v. Kaplan*, 895 F.2d 618, 621 (9th Cir. 1990).  Later developments at trial did not render that initial joinder improper nor did the district court abuse its discretion in finding that prejudicial spillover did not occur.  Therefore, we find no basis for applying retroactive misjoinder and granting Bamdad another trial.

4

No Fourth Amendment violations were established concerning the search warrant. The affidavit adequately describes the locations to be searched, the items to be seized, and sufficiently states the underlying probable cause for searches of Bamdad's medical office, home, and vehicles. Therefore, the district court correctly denied the motion to suppress.

None of Bamdad's sentencing challenges reveals a procedural error. The district court accurately calculated the Guidelines range and adequately explained Bamdad's below Guidelines sentence. *See United States v. Carty*, 520 F.3d 984, 993 (9th Cir. 2008). Furthermore, Bamdad's custodial sentence and fine were not substantively unreasonable in light of the evidence and the district court's consideration of similar cases and the § 3553(a) factors.

**AFFIRMED.**